**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK
PLATTSBURGH DIVISION**

| | |
|---|---|
| **SCOTT PHILLIP LEWIS,** § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> **Affiliated Enterprise Solutions, LLC;** § <br> **AES Medical Supply, LLC; Brian** § <br> **Stevens** § <br> *Defendant.* | 8:24-cv-61 (BKS/DJS) <br><br> **Jury Trial Demanded** |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES PLAINTIFF, Scott Phillip Lewis, and files Plaintiff's Original Complaint. Plaintiff files this Fair Standards Labor Act and Americans with Disabilities Act lawsuit and will show as follows.

### I.  PARTIES

1. Plaintiff is Scott Phillip Lewis ("Plaintiff"), an individual and citizen of the United States of America.

2. Defendant #1 is Affiliated Enterprise Solutions LLC ("AES") is a limited liability company ("LLC") located in Austin, Texas and can be served through its owner Brian Stevens at 500 River Place Boulevard Building 7, Suite 250, Austin, TX 78730.  Service is requested contemporaneously with the filing of the complaint.

3. AES Medical Supply LLC ("AES Medical Supply"  is a limited liability company located in Austin, Texas and can be served through its owner Brian Stevens at 500 River Place Boulevard Building 7, Suite 250, Austin, TX 78730.  Service is requested contemporaneously with the filing of the complaint.

4. Brian Stevens is an individual who resides in Travis County, Austin, Texas and can be served

1

at 12812 Oxen Way, Austin, Texas 78732-2150. Service is requested contemporaneously with the filing of the complaint.

## II. JURISDICTION AND VENUE

5. The court has jurisdiction over this lawsuit according to 28 U.S.C § 1331. The court has personal jurisdiction over this lawsuit because of violations of laws of the United States of America.

6. Venue is proper in the Plattsburgh Division of the United States District Court for the Northern District of New York, under 28 U.S.C § 1391(b) and Local General Order 12 directing case assignment for the Northern District of New York. Venue is also proper because Plaintiff resides in this district.

## III. FACTUAL ALLEGATIONS

### A. Plaintiff's Relevant Medical History

7. In November 2015, Plaintiff was involved in a hit and run accident on Rainey Street in Austin, Texas leaving Plaintiff with a concussion and traumatic brain injury (TBI). The police who were involved never followed up with Plaintiff, seemingly attempting to cover up what happened. Plaintiff is still working on obtaining a full police report and information from the officers involved at the November 2015 accident and cover up.

8. After the 2015 hit and run incident, Plaintiff experienced a progressive increase in attention-deficit/hyperactivity disorder ("ADHD") symptoms associated with the post-traumatic stress disorder ("PTSD") from the accident and lack of police professionalism, follow up and transparency.

9. After the progression of symptoms of PTSD and ADHD from the 2015 hit and run accident, Plaintiff had developed an alcohol abuse disorder over time. While some could see the

alcohol abuse, the root cause of the symptom went undiagnosed for a very long time. Even though Plaintiff understood the symptoms he was experiencing, Plaintiff was bombarded with conflicting opinions by individuals who did not care about the full truth, but instead focused on selective facts that best fit a desired narrative and bias.

10. Again symptoms of PTSD and ADHD were further exacerbated on or around July 2018 when a former roommate and also a coach at Vandegrift Lacrosse Club told Plaintiff he had paid money to have a man killed over a disagreement in a lacrosse game. Stunned by such evil, Plaintiff experienced an even further increase in ADHD and PTSD symptoms and separately, an increase in alcohol abuse, which is a symptom of PTSD and ADHD.

11. Plaintiff made the choice to go to "A Forever Recovery," a rehabilitation facility in Battle Creek, Michigan. Plaintiff knew this was not a good fit, almost immediately, as the facility wanted to focus solely on the alcohol abuse and not the reasons that caused such a symptom. Plaintiff felt as if they were at a cult and made the decision to leave after approximately twelve (12) days. This experience affected Plaintiff's overall well-being.  "A Forever Recovery" is now believed to be permanently closed.

12. On January 25, 2019, Plaintiff was arrested for driving while intoxicated in Williamson County, TX.  Selective, manipulated and edited portions of the arrest were broadcast to over a million viewers on a television show advertising the edited arrests they were broadcasting as "unfiltered and unfettered," when in fact, it was not.

**B. Plaintiff's history with Affiliated Enterprise Solutions, LLC, AES Medical Supply, LLC and Brian Stevens**

13. Plaintiff first met Brian Stevens through Vandegrift Lacrosse Club in Austin, TX  in 2015. Brian Stevens owns both Affiliated Enterprise Solutions, LLC and AES Medical Supply,

3

LLC.

14. Plaintiff was coach of a fifth and sixth grade youth lacrosse team through Vandegrift Lacrosse Club with Brian Stevens' son on the roster.

15. As the only coach, Plaintiff had difficulty coaching individually to approximately twenty kids, keeping everyone in order and setting up the drills simultaneously.  One practice in 2015, Plaintiff spotted a parent watching practice, Brian Stevens, and asked if he could help set up the pylons for drills.

16. Asking for help setting up pylons at this practice materialized into Brian Stevens becoming an assistant coach with Plaintiff, up until Plaintiff's contract was terminated after the January 25, 2019 "LivePD" arrest previously mentioned.

17. Plaintiff was also employed by Charles Schwab in Austin, Texas until on or around July 12, 2019.

18. On or around January 2020, when Plaintiff was now unemployed, Brian Stevens approached Plaintiff about an opportunity with Affiliated Enterprise Solutions.

19.  Affiliated Enterprise Solutions offers consulting for hospital associations across the United States.  Upon information and belief, current clientele includes Maine Hospital Association, Massachusetts Health & Hospital Association, Michigan Health & Hospital Association, Michigan Pharmacists Association, Minnesota Hospital Association, New Hampshire Hospital Association and North Dakota Hospital Association.

20. Entered into a contract in early 2020 (exhibit A).  Initially, Plaintiff seeked new clients for Affiliated Enterprise Solution. The contract was paid hourly.

21. COVID-19 was a global pandemic with outbreaks occurring in the United States at the beginning of 2020.  This became the obvious focal point of hospitals in the beginning of

4

2020.  This completely altered the agreement that Plaintiff entered with Affiliated Enterprise Solutions at the beginning of 2020.

22. One project was completing COVID resource list for Indiana Hospital Association in 2020.  Upon information and belief, Indiana Hospital Association was a former client of Affiliated Enterprise Solutions, LLC.

23. Second, was doing the same for the Florida Hospital Association simultaneously in 2020 by compiling a COVID resource list for the hospital association and its members.  Upon information and belief, Florida Hospital Association was a former client of Affiliated Enterprise Solutions, LLC.

24. Plaintiff sold advertisements for Minnesota Hospital Association in 2021.  Regardless of how many advertisements were sold, Plaintiff was paid an hourly wage.

25. Plaintiff would complete reference checks for Affiliated Enterprise Solutions, LLC.

26. Thus, Plaintiff was an employee of Affiliated Enterprise Solutions, LLC and not an independent contractor.

27. AES Medical Supply, LLC was created in response to COVID-19 to fulfill medical supply needs of hospitals during or around January 2021.

28. Plaintiff designed and launched the website aesmedicalsupply.com for the company using godaddy.com.  Plaintiff was compensated by Affiliated Enterprise Solutions, LLC at the same hourly rate for this task.

29. Another task given to Plaintiff in 2021 was to seek needles used for vaccines and other uses that were a problem source for hospitals attempting to locate supplies during COVID-19.

31.  Upon information and belief, this task was intended to create the perception that Plaintiff was a drug user.

5

32. In 2022, Plaintiff was also tasked with selling crutches for AES Medical Supply, LLC.  After concerns over the way compensation was handled regarding selling advertisements for the Minnesota Hospital Association, Plaintiff requested a contract that correlated between sales made and profit received for work done with AES Medical Supply, LLC.

33. Brian Stevens never completed a contractual agreement between Plaintiff and AES Medical Supply, LLC.

34. Plaintiff never sold a single thing for AES Medical Supply, LLC.

35. Plaintiff's contract with Affiliated Enterprise Solutions, LLC was terminated on or around August 2022 as a result of Plaintiff missing a "team meeting.".

36. Plaintiff was misclassified as an independent contractor when in fact he was an employee of Affiliated Enterprise Solutions, LLC and AES Medical Supply, LLC.

## IV. CLAIMS

### I. Fair Standards Labor Act

**Misclassified as Independent Contractor; 29 U.S. Code § 203**

37. Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein and alleges as follows.

38. 29 U.S. Code § 203 states:

> "[e]mployer" includes any person acting directly or indirectly in
> the interest of an employer in relation to an employee and includes
> a public agency, but does not include any labor organization (other
> than when acting as an employer) or anyone acting in the capacity
> of officer or agent of such labor organization."

39. The Internal Revenue Service ("IRS") has a page specifically describing the definition of "independent contractor."  Quoting directly from the IRS website: " You are not an independent contractor if you perform services that can be controlled by an employer (what

6

will be done and how it will be done). This applies even if you are given freedom of action. What matters is that the employer has the legal right to control the details of how the services are performed."

(https://www.irs.gov/businesses/small-businesses-self-employed/independent-contractor-defined)

40. Affiliated Enterprise Solutions, LLC by definitions would be an employer.
41. When Plaintiff asked for a new contract regarding AES Medical Supply, LLC, he was essentially terminated.
42. By terminating Plaintiff's contract for missing a "team meeting," Affiliated Enterprise Solutions, LLC is showing further proof of being an employer to Plaintiff and Plaintiff being misclassified as an independent contractor.
43. Plaintiff requests all relief and damages he may be entitled.

## II.     Americans with Disabilities Act; 42 U.S.C § 12112(5)(A)

44. Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein and alleges as follows.
45. Defendant was fully aware of Plaintiff's Relevant Medical History qualifying defendant as disabled at all times before, during and after employment at Affiliated Enterprise Solutions, LLC.
46. 42 U.S.C § 12112(5)(A) states:

> "[a]s used in subsection (a), the term "discriminate against a qualified individual on the basis of disability" includes not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity."

7

47. Intentionally misclassifying Plaintiff as an independent contractor was not making a reasonable accommodation.  Plaintiff's contract was essentially ended because he asked for a contract to be an independent contractor for AES Medical Supply, LLC.

48. Defendant thought he could take advantage of Plaintiff because he had a disability.

49. Plaintiff requests all relief and damages he may be entitled.

## V. DAMAGES

50. Plaintiff suffered and claims the following damages:

### Actual Damages

- Past and future mental anguish
- Deprivation of protections and other benefits of Plaintiff afforded as an employee
- Past and future loss of earning capacity

## VI. JURY DEMAND

51. Plaintiff respectfully requests jury trial pursuant to FED. R. CIV. P. 48

## VII. PRAYER FOR RELIEF

52. Accordingly, Plaintiff requests that judgment be awarded against Affiliated Enterprise Solutions, LLC; AES Medical Supply, LLC and Brian Stevens for:

(1) Compensatory damages;
(2) Punitive or exemplary damages;
(3) Costs of Court;
(4) Prejudgment and postjudgment interest at the highest rate allowable under law;
(5) Unliquidated damages at the highest amount that is within the jurisdictional limits of the court;
(6) And all over relief to which Plaintiff is justly entitled.

Respectfully submitted,
/s/Scott Phillip Lewis
Scott Phillip Lewis
1936 Saranac Ave. #3, PMB 411
Lake Placid, NY 12946
518-551-3061
scottphilliplewis@gmail.com

8