**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

SCOTT PHILLIP LEWIS,

                         Plaintiff,

- v -                                  Civ. No. 8:24-CV-61
                                                    (BKS/DJS)

AFFILIATED ENTERPRISE SOLUTIONS, LLC,
*et al.*,

                        Defendants.
_____

**APPEARANCES:**                                   **OF COUNSEL:**

SCOTT PHILLIP LEWIS
Plaintiff *Pro Se*
Lake Placid, New York 12946

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER[1]

The Clerk has sent the undersigned Plaintiff's civil Complaint for review pursuant to 28 U.S.C. § 1915(e). Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in forma pauperis* ("IFP"). Dkt. No. 2, IFP App. The Complaint alleges violations of the Fair Labor Standards Act & the Americans with Disabilities Act. Compl. at ¶¶ 37-49.

---

[1] This matter was referred to the undersigned pursuant to L.R. 72.3(d).

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*. *See id.* In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Summary of the Complaint

The allegations in the Complaint date to work done by Plaintiff between 2020 and 2022. Plaintiff alleges that in January 2020, Defendant Stevens approached him about a job opportunity with Defendant Affiliated Enterprise Solutions. Compl. at ¶ 18. Plaintiff alleges that he signed an employment contract, to be paid hourly, for seeking

3

new clients for Affiliated. *Id.* at ¶ 20.[2] Plaintiff alleges that he did various work for Affiliated during the start of the Covid-19 pandemic, that he was paid an hourly wage, and was an employee of Affiliated, not an independent contractor. *Id.* at ¶¶ 21-26. The Complaint further alleges that when Defendant AES Medical Supply was created Plaintiff also performed work for it and was compensated by Affiliated for that work. *Id.* at ¶¶ 27-34. Plaintiff was terminated in August 2022 for missing a meeting. *Id.* at ¶ 35.

### C. Analysis of the Complaint

#### 1. Merits of the Allegations

The precise nature of Plaintiff's FLSA claim is unclear. He alleges that he was improperly classified as an independent contractor, rather than an employee, Compl. at ¶ 36, but does not allege what harm he suffered as a result. He does not claim, for example, that he was not paid the required minimum wage or was denied overtime benefits, common FSLA claims. The Court recommends that the Complaint be dismissed, but that Plaintiff be provided the ability to replead his allegations. The Federal Rules of Civil Procedure require, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The conclusory statement that Plaintiff's employment status was misclassified does not satisfy this requirement. Absent clarity as to the nature of the claims

---

[2] The Complaint identifies the contract as Exhibit A, but it was not part of the document filed by Plaintiff.

"defendants will not be able to respond meaningfully to the instant complaint." *DeMarco v. City of New York*, 2008 WL 3285892, at *1 (E.D.N.Y. Aug. 8, 2008).

The Court also recommends that the ADA claim be dismissed, with leave to amend. Plaintiff's Complaint alleges discrimination regarding Plaintiff's employment for Defendants. Compl. at ¶ 46. A prerequisite to an employment discrimination claim under the ADA is the filing of a timely charge of discrimination with the Equal Employment Commission. *Riddle v. Citigroup*, 449 F. App'x 66, 69 (2d Cir. 2011); *Momot v. Dziarcak*, 208 F. Supp. 3d 450, 458 (N.D.N.Y. 2016). "It is well established that a plaintiff must file a charge of discrimination with the EEOC and obtain a right to sue letter from the EEOC before proceeding in federal district court." *Garcia v. Coca-Cola Bottling Co. of New York*, 1998 WL 151032, at *2 (S.D.N.Y. Mar. 31, 1998). The Complaint does not allege that Plaintiff filed a discrimination claim with the EEOC and does not provide a copy of a right to sue letter. On that basis, the ADA claim should be dismissed. *Pearson v. Renaissance Hotel Albany,* 2017 WL 8751935, at *2 (N.D.N.Y. Nov. 15, 2017), *report and recommendation adopted*, 2018 WL 1631306 (N.D.N.Y. Apr. 2, 2018).

Due to Plaintiff's pro se status, the Court recommends that such dismissal be without prejudice and that Plaintiff be afforded the opportunity to submit an amended complaint. Such amended complaint should specify the precise nature of Plaintiff's FLSA claim and include a copy of any right-to-sue letter Plaintiff has received from the

EEOC relative to his ADA claim. Plaintiff is advised that any such amended complaint shall supersede and replace in its entirety the previous Complaint filed by Plaintiff. If this recommendation is accepted and Plaintiff is permitted to amend his Complaint, Plaintiff is further warned that the failure to submit an amended complaint could result in dismissal of this action.

*2. Venue*

If the Court were to adopt the Recommendation that the Complaint be dismissed with leave to replead, the Court should also direct Plaintiff to address his pleadings regarding venue.

Under the rules governing venue in federal courts for most cases, venue is appropriate where any defendant resides or in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). FLSA claims are governed by this general venue rule. *Holmes v. Romeo Enters., LLC*, 2015 WL 10848308, at *2 (S.D.N.Y. Nov. 2, 2015) ("the FLSA contains no special venue provision"). A special pleading rule applies to ADA claims, 42 U.S.C. ¶ 12117(a); 42 U.S.C. § 2000e-5(f)(3), which placed venue:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Here, the events at issue in this action relate largely to work performed in Austin, Texas. All Defendants are alleged to be organized or reside there. Compl. at ¶¶ 2-4. Austin is located within the Western District of Texas. 28 U.S.C. § 124(d). There is no apparent connection to this District other than the fact that Plaintiff resides here. Compl. at ¶ 6. That alone, however, does not establish proper venue. *Harris v. Case*, 2014 WL 2116987, at *3 (N.D.N.Y. May 20, 2014) ("[P]laintiff's residence is irrelevant for venue purposes"). Any amendment to the Complaint, therefore, should more specifically articulate Plaintiff's factual and legal basis for placing venue in this District. In the alternative, this matter could be transferred to the Western District of Texas. 28 U.S.C. § 1404(a).

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to amend**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: February 20, 2024
Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).