UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SCOTT PHILLIP LEWIS,

                                Plaintiff,                          8:24-cv-61 (BKS/DJS)

v.

AFFILIAATED ENTERPRISE
SOLUTIONS, LLC, AES MEDICAL
SUPPLY, LLC and BRIAN STEVENS,

                                Defendants.
_____

**Appearances:**

*Plaintiff pro se*:
Scott Phillip Lewis
Lake Placid, NY 12946

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff Scott Phillip Lewis commenced this proceeding on January 15, 2024, alleging violations of the Federal Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., (Dkt. No. 1). Plaintiff also sought leave to proceed *in forma pauperis* ("IFP"). (Dkt. No. 2). This matter was referred to United States Magistrate Judge Daniel J. Stewart. (*Id.*). On January 23, Plaintiff filed a request that proposed summonses be issued, which Magistrate Judge Stewart subsequently denied. (Dkt. Nos. 5–6). Following the denial, Plaintiff filed a motion for reconsideration and a supporting memorandum of law. (Dkt. Nos. 7–8). On February 20, 2024, Magistrate Judge Stewart granted Plaintiff's application to proceed IFP, denied Plaintiff's motion for reconsideration, and issued a

Report-Recommendation, recommending that Plaintiff's complaint be dismissed with leave to amend. (Dkt. Nos. 9–11). Judge Stewart also recommended that in the event his recommendations are adopted, Plaintiff should also be directed to address the propriety of the venue. (Dkt. No. 11, at 6–7). Plaintiff filed a motion on February 28 to waive PACER fees which was denied. (Dkt. Nos. 12–13). Plaintiff has timely filed his objections to the Report-Recommendation and has appealed the orders denying his request for the issuance of the summonses and denying his motion to waive PACER fees. (Dkt. Nos. 14–16). For the reasons set forth below, the Report-Recommendation is adopted and Plaintiff's appeals are denied.

## II.     STANDARD OF REVIEW

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections "must be specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citation omitted). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Kruger*, 976 F. Supp. 2d at 296 (citation omitted).

A magistrate judge may issue orders regarding nondispositive pretrial matters, and the district court reviews such orders under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "An order is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been committed. An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000) (citations and internal quotation marks omitted). "Under this highly deferential standard, magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Williams v. Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (quoting *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013)).

### III. DISCUSSION

#### A. Objections to the Report-Recommendation

Plaintiff has not raised any objections to the facts or the legal framework set forth in the Report-Recommendation. (*See* Dkt. No. 15). The Court therefore adopts Magistrate Judge Stewart's summary of the factual background and applicable law and presumes familiarity with those matters for the purposes of this decision.

#### 1. FLSA

Plaintiff alleges that he was misclassified as an independent contractor in violation of FLSA. (Dkt. No. 1, at 6–7). Magistrate Judge Stewart characterized "[t]he precise nature of Plaintiff's FLSA claim" as "unclear," explaining that because he "does not allege what harm he suffered as a result" of being misclassified, his allegations are insufficient to meet the pleading standard. (Dkt. No. 11, at 4). As a result, Magistrate Judge Stewart recommended the claim be dismissed with leave to amend. (*Id.*). Plaintiff objects to the dismissal recommendation, noting

the liberal review standard used when reviewing a pro se complaint and that the misclassification itself is what harmed Plaintiff. (Dkt. No. 15, at 2–3; *see id.* at 3 ("The misclassification was at the behest of Brian Stevens which benefitted his LLCs, Affiliated Enterprise Solutions and AES Medical Supply for federal income tax purposes at the expense of Plaintiffs [sic].")). Additionally, Plaintiff states he "has intended to file an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure upon the serving of complaint and summons on Defendant which would offer additional clarity to the claims and damages being alleged." (*Id.* at 3).

FLSA "provide[s] minimum wage and overtime pay requirements for covered, non-exempt workers who are employed by an enterprise engaged in commerce." *Leevson v. Aqualife USA, Inc.*, 183 F. Supp. 3d 397, 404 (E.D.N.Y. 2016) (citing 29 U.S.C. § 201 et seq.). However, "[n]either the minimum wage requirement nor the overtime compensation requirement applies to workers who are not employees, but independent contractors, of the employer." *Id.* at 405 (citations omitted). Plaintiff's Complaint alleges that he was misclassified as an independent contractor, rather than an employee, (Dkt. No. 1, ¶¶ 36, 42), and in his Objections states that this misclassification negatively impacted his federal income taxes, (Dkt. No. 15, at 3), but provides no other factual details.[1]

Such facts are insufficient to assert a claim under FLSA because it is not clear from the Complaint what violation of the law he seeks to allege. While whether a plaintiff is an independent contractor or an employee is relevant to a FLSA claim, FLSA does not provide a right of action for a misclassification on its own, but rather for specific statutory violations, such

---

[1] The Court notes that the Complaint refers to a contract (Exhibit A) which is not attached to the complaint. The Court has not addressed whether Plaintiff has adequately alleged that he was an employee, as opposed to an independent contractor.

4

as failing to pay employees minimum wage or provide overtime compensation. *See* 29 U.S.C. § 216(b). Depending on what he seeks to remedy, Plaintiff would need to allege additional facts regarding the statutory violation. *See e.g.*, *Lopez-Serrano v. Rockmore*, 132 F. Supp. 3d 390, 402 (E.D.N.Y. 2015) ("An employee cannot state a claim for a minimum wage violation 'unless [his] average hourly wage falls below the federal minimum wage.'" (quoting *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 115 (2d Cir. 2013)); *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 115 (2d Cir. 2023) (stating that for a FLSA overtime claim, "plaintiffs must sufficiently allege '40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours.'" (quoting *Lundy*, 711 F.3d at 114)). Plaintiff has not alleged such facts regarding his wage or hours worked.

Accordingly, the Court adopts Magistrate Judge Stewart's Report-Recommendation that Plaintiff's FLSA claim should be dismissed with leave to amend.

### 2. ADA

Plaintiff alleges that Defendants violated his rights under the ADA by discriminating against him because he is disabled. (Dkt. No. 1, at 7–8). Magistrate Judge Stewart recommended Plaintiff's ADA claim be dismissed with leave to amend because "[t]he Complaint does not allege that Plaintiff filed a discrimination claim with the EEOC and does not provide a copy of a right to sue letter." (Dkt. No. 11, at 5). Plaintiff has objected to the dismissal on the basis that "[t]he Seventh Amendment extends the right to a jury trial in Federal civil cases." (Dkt. No. 15, at 3).

As an initial matter, the right to a jury trial as guaranteed by the Seventh Amendment is not violated by requiring a plaintiff to administratively exhaust his claims before bringing them to federal court. *See Messa v. Goord*, 652 F.3d 305, 309 (2d Cir. 2011) ("[T]he Seventh Amendment's guarantee of the right to the ultimate determination of issues of fact by the jury

does not extend to the threshold issue[s]," like administrative exhaustion, "that courts must address to determine whether litigation is being conducted in the right forum at the right time." (citations and internal quotation marks omitted)). While Plaintiff's objection is meritless, having reviewed the issue regarding exhaustion of administrative remedies *de novo*, the Court concludes that it would be error to dismiss Plaintiff's ADA claim for failure to plead exhaustion of administrative remedies or receipt of a right to sue letter. "Administrative exhaustion in the . . . ADA context 'is not a jurisdictional [prerequisite], but only a precondition to bringing [suit] . . . that can be waived by the parties or the court.'" *Anderson v. City of New York*, No. 22-cv-3990, ----F. Supp. 3d ----, 2024 WL 183103, at *6 n.6, 2024 U.S. Dist. LEXIS 8834, at *13 n.6 (S.D.N.Y. Jan. 17, 2024) (quoting *Gomez v. N.Y.C. Police Dep't*, 191 F. Supp. 3d 293, 299 (S.D.N.Y. 2016)); *see also Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018) (concluding the district court's *sua sponte* dismissal of the plaintiff's discrimination claims "for failure to exhaust, or plead other facts that would relieve him of the obligation to file a complaint with the EEOC," was erroneous, explaining that "the burden of pleading and proving Title VII exhaustion lies with defendants and operates as an affirmative defense."). Consequently, a Plaintiff's failure to allege sufficient facts regarding exhaustion is not *necessarily* fatal to Plaintiff's claim.

However, Plaintiff's claim remains insufficient in other ways. Plaintiff specifically alleges a violation of 42 U.S.C. § 12112(b)(5)(A),[2] (*see* Dkt. No. 1, at 7), which provides the basis for a claim of failing to reasonably accommodate a disabled employee under the ADA. To establish a *prima facie* case of disability discrimination in a reasonable accommodation case,

---

[2] Plaintiff cites the statutory provision as "42 U.S.C. § 12112(5)(A)," (Dkt. No. 1, at 7), but it is clear from the text that Plaintiff is referring to 42 U.S.C. § 12112(b)(5)(A).

"the plaintiff's burden requires a showing that (1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *Goonan v. Fed. Reserve Bank of N.Y.*, 916 F. Supp. 2d 470, 478–79 (S.D.N.Y. 2013) (quoting *Graves v. Finch Pruyn & Co., Inc.*, 457 F.3d 181, 183–84 (2d Cir. 2006)).

Here, Plaintiff has not sufficiently alleged he is disabled within the meaning of the ADA. For purposes of a reasonable accommodation claim, a disability under the ADA is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual" or "a record of such an impairment." 42 U.S.C. § 12102(1)(A), (B).[3] Plaintiff has alleged that in 2015 he "was involved in a hit and run accident," leaving him "with a concussion and traumatic brain injury," as well as "a progressive increase in [ADHD] symptoms associated with the [PTSD] from the accident and lack of police professionalism, follow up and transparency." (Dkt. No. 1, ¶¶ 7–8). Plaintiff also alleges that he "developed an alcohol abuse disorder," and that this disorder, as well as his other ADHD and PTSD symptoms, worsened around July 2018. (*Id.* ¶¶ 9–10). While Plaintiff has noted that he has several medical conditions, he has not described how any substantially limits a major life activity and, except for his alcohol abuse disorder, vaguely refers to ADHD and PTSD "symptoms" without explaining what those symptoms are. (*See id.* ¶¶ 8–10). Absent facts regarding how a major life activity has been substantially limited, Plaintiff cannot plead a disability under either prong (A) or prong (B). *See e.g.*, *Rodriguez v. Verizon Telecom*, No. 13-cv-6969, 2014 WL 6807834, at *3–5, 2014 U.S.

---

[3] While the ADA also contains a third "regarded as" prong, *see* 42 U.S.C. § 12102(1)(C), "no failure to accommodate claim can be made, as a matter of law, for an individual who was 'regarded as' disabled, rather than who was actually disabled," *Graham v. Three Vill. Cent. Sch. Dist.*, No. 11-cv-5182, 2013 WL 5445736, at *11, 2013 U.S. Dist. LEXIS 143264, at *32 (E.D.N.Y. Sept. 30, 2013).

Dist. LEXIS 167833, *9–12 (S.D.N.Y. Dec. 3, 2014) (finding the plaintiff failed to plead his alcohol and drug addictions constituted a disability or a record of disability under the ADA because he did not allege any facts pertaining to how these conditions "substantially limit" or "substantially limited a major life activity").

Additionally, Plaintiff has not pled facts suggesting he was denied a reasonable accommodation. "A reasonable accommodation is one that 'enable[s] an individual with a disability who is qualified to perform the essential functions of that position . . . [or] to enjoy equal benefits and privileges of employment.'" *Noll v. Int'l Bus. Machs. Corp.*, 787 F.3d 89, 94 (2d Cir. 2015) (quoting 29 C.F.R. § 1630.2(o)(1)(ii), (iii)). Examples of reasonable accommodations non-exclusively include "[m]aking existing facilities used by employees readily accessible to and usable by individuals with disabilities" as well as "[j]ob restructuring; part-time or modified work schedules; reassignment to a vacant position; acquisition or modifications of equipment or devices; appropriate adjustment or modifications of examinations, training materials, or policies; [and] the provision of qualified readers or interpreters." 29 C.F.R. § 1630.2(o)(2)(i), (ii).

In this instance, Plaintiff states that "[i]ntentionally misclassifying Plaintiff as an independent contractor was not making a reasonable accommodation." (Dkt. No. 1, ¶ 47). But Plaintiff provides no explanation of how being classified differently would allow him to "perform the essential functions of [his] position" in a way he was otherwise unable to do or "to enjoy equal benefits and privileges of employment" as other employees without disabilities. *See* 29 C.F.R. § 1630.2(o)(1)(ii), (iii); *see also Ray v. Weit*, 708 F. App'x 719, 721 (2d Cir. 2017) (summary order) (affirming dismissal of "[a]ppellant's failure to accommodate claims based on her alleged asthma and podiatric problems because the accommodations that [a]ppellant sought

for these disabilities . . . had nothing to do with [a]ppellant's ability to perform the essential functions of her job or with the reason she was terminated."). Also, while Plaintiff alleges he requested a new contract, (*id.* ¶¶ 32, 41, 47), the Complaint does not allege that he ever asked his employer to be 'classified' differently and instead implies the opposite, (*see id.* ¶ 47 ("Plaintiff's contract was essentially ended because he asked for a contract to be an *independent contractor* for AES Medical Supply, LLC" (emphasis added).); *see also Ray*, 708 F. App'x at 721 ("It is generally the employee's responsibility to inform her employer that she needs an accommodation." (quoting *Graves*, 457 F.3d at 184); *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 609 (E.D.N.Y. 2013) (dismissing reasonable accommodation claim where "[n]otably absent from plaintiff's [c]omplaint are any allegations that plaintiff requested a reasonable accommodation or that [her employer] refused to make such an accommodation.").

Accordingly, the Court adopts Magistrate Judge Stewart's Report-Recommendation that Plaintiff's ADA claim should be dismissed with leave to amend.

### 3. Venue

In his Complaint, Plaintiff asserts that "[v]enue is proper in the Plattsburgh Division of the United States District Court for the Northern District of New York, under 28 U.S.C. § 1391(b) and Local General Order 12 directing case assignment for the Northern District of New York. Venue is also proper because Plaintiff resides in this district." (Dkt. No. 1, at ¶ 6). In the Report-Recommendation, Magistrate Judge Stewart stated that "[i]f the Court were to adopt the Recommendation that the Complaint be dismissed with leave to replead, the Court should also direct Plaintiff to address his pleadings regarding venue," or alternatively, transfer the case to the Western District of Texas (Dkt. No. 11, at 6, 7). This is because "the events at issue in this action relate largely to work performed in Austin, Texas;" "[a]ll Defendants are alleged to be organized or reside there," and "[t]here is no apparent connection to this District other than the fact that

9

Plaintiff resides here" which "does not establish proper venue" by itself. (*Id.* at 7). In his objections, Plaintiff responds that venue is proper because he "was working from home in Lake Placid, New York," and so "substantial parts of unlawful employment practices were properly alleged to have occurred within this Northern District of New York." (Dkt. No. 15, at 4).

FLSA claims are subject to the general venue provision. *See Holmes v. Romeo Enters., LLC.*, No. 15-cv-3915, 2015 WL 10848308, at *2–3, 2015 U.S. Dist. LEXIS 178065, at *5 (S.D.N.Y. Nov. 2, 2015). The general venue provision allows for "[a] civil action [to be] brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). ADA claims are subject to special venue provisions, which, as relevant here, allow for "an action [to be] brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed" or "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3); *see also* 42 U.S.C. § 12117(a) (incorporating Title VII of the Civil Rights Act's special venue provisions). While Plaintiff's Complaint did not assert that the alleged violations of FLSA and the ADA occurred in the Northern District of New York, Plaintiff's assertion that he worked remotely would likely be sufficient to clarify the appropriateness of the venue. *See Hale v. Iancu*, No. 19-cv-1963, 2021 WL 9405460, at *1–3, 2021 U.S. Dist. LEXIS 37058, at *1–10 (D. Conn. Feb. 23, 2021) (finding venue for Title VII action proper in state where Plaintiff was working remotely when adverse employment action was taken against him and where he averred that he would have worked but for the adverse employment action); *cf. Milner-Koonce v. Albany City Sch. Dist.*, No. 21-cv-1271, 2022 WL 2339443, at *5–6, 2022 U.S. Dist. LEXIS 114679, at *12–15 (N.D.N.Y. June 29, 2022) (dismissing *pro se* plaintiff's insufficiently alleged claim, but stating that she "may have a valid

claim" if "newly stated facts" contained in her objections (along with others) were to be "incorporate[d] . . . into an amended complaint"). Thus, if Plaintiff files an amended complaint, he is directed to include facts regarding his remote work as appropriate to establish venue.

### B.    Appeals of Magistrate Judge Decisions

Plaintiff also appeals the Magistrate Judge's decisions to: (1) deny Plaintiff's requests to issue summonses; and (2) deny Plaintiff's motion to waive PACER fees. (Dkt. Nos. 14, 16). The Court finds that neither decision is "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

#### 1.    Denial of Request to Issue Summonses

On January 23, 2024, Plaintiff filed a letter motion requesting the issuance of three proposed summonses pursuant to Rule 4(b) of the Federal Rules of Civil Procedure. (Dkt. No. 5). Plaintiff asserted that the summonses should be issued as the Complaint had been filed and "[t]he summons [sic] have been properly completed and presented to this Court," arguing that "[t]he pending Motion for Leave in Forma Pauperis in this matter does not impact the issuance of a summons." (*Id.* at 1). In an Order entered on January 25, 2024 ("January Order"), Magistrate Judge Stewart denied Plaintiff's request as "premature" because the Court had not yet ruled on Plaintiff's motion for IFP status or completed "an initial review of the Complaint[] pursuant to 28 U.S.C. § 1915." (Dkt. No. 6, at 3). Magistrate Judge Stewart explained that for purposes of Rule 4(b), a complaint is considered filed "when IFP status is granted or the appropriate filing fee is paid, rather than at the time a complaint is delivered to the clerk of a court." (*Id.* (quoting *Truitt v. Cnty. Of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)). Plaintiff appeals this decision on the grounds that refusing to issue the summonses violates Rule 4 and constitutes unequal treatment under the Fifth Amendment. (Dkt. No. 14, at 1–4).

11

Here, the Magistrate Judge correctly applied the law. Courts in the Second Circuit have found that a "[p]laintiff's action was not properly filed until this Court granted his IFP application." *Perkins v. Napoli*, No. 8-cv-6248, 2012 WL 5464607, at *3, 2012 U.S. Dist. LEXIS 160534, at *9 (W.D.N.Y. Nov. 8, 2012) (citing *Romand v. Zimmerman*, 881 F. Supp. 806, 809 (N.D.N.Y. 1995)). Therefore, as Plaintiff's IFP application was still pending at the time Plaintiff requested the issuance of the summonses and the filing fee had not been paid, Magistrate Judge Stewart's finding that Plaintiff's Complaint had not yet been filed for purposes of Rule 4(b) was neither clearly erroneous nor contrary to law. Furthermore, treating litigants differently based on IFP status does not implicate a suspect class, and thus does not constitute a Fifth Amendment violation. *See Dicara v. Conn. Educ. Dep't*, No. 8-cv-627, 2008 WL 5083622, at *2, 2008 U.S. Dist. LEXIS 96372, at *5 (D. Conn. Nov. 26, 2008) ("[P]overty is not a suspect classification for the purposes of equal protection analysis." (citations omitted)). Plaintiff's appeal of the January Order is therefore denied.

### 2. Denial of Motion to Waive PACER Fees

On February 28, 2024, Plaintiff filed a motion to waive PACER fees. (Dkt. No. 12). Plaintiff asserted two arguments in support of his motion. First, Plaintiff argues that because Magistrate Judge Stewart failed to include the docket number for a case cited in the January Order as "Arroyo v. Georgia, 2023 WL 4539770, at *4 (N.D. Ga. May 30, 2023[)]," Plaintiff had to "search[] for an unknown docket number . . . accruing fees in the process." (*Id.* at 1–2 (quoting Dkt. No. 6, at 3)). Second, Plaintiff argued that his PACER fees should be waived due to his indigence, noting that his IFP application had been granted on February 20, 2024. (*Id.* at 2–3 (citing Dkt. No. 9)). On March 6, 2024, Magistrate Judge Stewart issued a text order denying Plaintiff's motion. (Dkt. No. 13 ("Text Order denying . . . Motion to Waive PACER Fees.")). Plaintiff appeals the Magistrate Judge's denial of his motion on the basis that he has

12

shown good cause to waive PACER fees and that the text order, issued without further explanation, was "not appropriate" and "has created the appearance that the Magistrate Judge will not provide rights to the poor." (Dkt. No. 16, at 2–4).

As Plaintiff himself is aware, (*see id.* at 1), a Magistrate Judge is not required to issue a written order when ruling on nondispositive matters, Fed. R. Civ. P. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, *when appropriate*, issue a written order stating the decision.") (emphasis added).

Moreover, the decision itself is not clearly erroneous or contrary to law. PACER provides for "four automatic fee exemptions." *In re Club Ventures Investments LLC*, 507 B.R. 91, 99 (S.D.N.Y. 2014) (citation omitted); *see also* Options to Access Records If You Cannot Afford PACER Fees, https://pacer.uscourts.gov/my-account-billing/billing/options-access-records-if-you-cannot-afford-pacer-fees (last accessed Apr. 4, 2024) (allowing users to "access $30 or less worth of court records within a quarterly billing cycle," as well as court opinions for free). "[A] party seeking a discretionary exemption cannot rely on his *in forma pauperis* status alone. The party must demonstrate that an exemption beyond the four automatic exemptions 'is necessary . . . to avoid unreasonable burdens and to promote public access to information.'" *In re Club Ventures Investments LLC*, 507 B.R. at 99 (citation omitted). As Plaintiff failed to explain why the automatic exemptions are not sufficient for his purposes, the Court finds Magistrate Judge Stewart's denial of Plaintiff's motion for a waiver of PACER fees was neither clearly erroneous nor contrary to law and is therefore affirmed. *See Oliva v. Brockwood Coram I, LLC*, No. 14-cv-2513, 2015 WL 1966357, at *2, 2015 U.S. Dist. LEXIS 57215, at *3–4 (E.D.N.Y. Apr. 30, 2015) ("Because [the plaintiff] does not explain how that level of access is insufficient for his

purposes, he falls short of establishing that the regular usage fee constitutes an unreasonable burden."). Plaintiff's appeal is therefore denied.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 11) is **ADOPTED**; and it is further;

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** with leave to amend; and it is further;

**ORDERED** that any amended complaint must be filed **within thirty (30) days** of the date of this Order. Any amended complaint must be a complete pleading which will replace the current complaint in total; and it is further;

**ORDERED** that if Plaintiff files a timely amended complaint, it shall be referred to Magistrate Judge Stewart for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case; and it is further;

**ORDERED** that if Plaintiff files a timely amended complaint, it should contain facts regarding his remote work as appropriate to establish venue; and it is further;

**ORDERED** that Plaintiff's appeal (Dkt. No. 14) of the January Order (Dkt. No. 6) is **DENIED** in its entirety; and it is further;

**ORDERED** that Plaintiff's appeal (Dkt. No. 16) of the order denying a waiver of PACER fees (Dkt. No. 13) is **DENIED** in its entirety; and it is further;

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>April 17, 2024</u>
      Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge